AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

NADINE GIBSON,

*Plaintiff(s)*

v.

THE CITY OF NEW YORK, MAYOR WILLIAM DeBLASIO, WILLIAM BRATTON, POLICE COMMISSIONER OF THE CITY OF NEW YORK, POLICE OFFICER KENNETH SHEILDS, POLICE OFFICER "JOHN DOE", POLICE OFFICER "JOHN SMITH", and POLICE OFFICER "JANE DOE", of the 61st POLICE PRECINCT

*Defendant(s)*

Civil Action No. CV 15 6973

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ? The City of New York, Municipal Building 1 Centre Street, New York, N.Y
Mayor William DeBlasio, City Hall, New York, N.Y.
William Bratton Police Commissioner City of NY 1 Police Plaza, New York N.Y.
Police Officer Kenneth Shields, 61st Police Precinct, 2575 Coney Island ave,Bklyn NY
Police Officer "John Doe" 61st Police Precinct, 2575 Coney Island ave,Bklyn NY
Police Officer "John Smith, 61stPoliice Preinct, 2575 Coney Island ave,Bklyn NY
Police Officer "Jane Doe" 61st Police Precinct, 2575 Coney Island ave,Bklyn NY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Brian Figeroux
Figeroux and Associates
26 Court St., Suite 701
Brooklyn, NY 11242

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: ______________________

______________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. CV 15 6973

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________, a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NADINE GIBSON,
Plaintiff,
-against-

THE CITY OF NEW YORK, MAYOR WILLIAM DeBLASIO, WILLIAM BRATTON, POLICE COMMISSIONER OF THE CITY OF NEW YORK and POLICE OFFICER KENNETH SHIELDS, POLICE OFFICER "JOHN DOE", POLICE OFFICER "JOHN SMITH" and POLICE OFFICER "JANE DOE", of the 61st POLICE PRECINCT,
Defendants.

AMENDED COMPLAINT
JURY TRIAL REQUESTED

CV 15 6973

GERSHON, J.

POLLAK, M.J.

Plaintiff as of for a complaint respectfully alleges:

JURISDICTION

1. Jurisdiction of the court is by reason of Article III of the U.S. Constitution 28 U.S.C. Sec 1331; 28 U.S.C. 1343 and 28 U.S. C. 1367 and 42 US Code 1983 and the 5th 4th and 14th Amendments to the United States Constitution in that the causes of complained of arose by reason of the Defendant's actions under color of state authority which violated the Plaintiff's Constitutional rights. Pendent state action jurisdiction is founded upon the allegation that the state cause of action arose from the same incident upon which the Federal claims are based. Venue is upon based the fact that the incident giving rise to the Complaint took place in the Eastern District of New York.

THE PARTIES

2. At all times hereinafter mentioned, the Plaintiff NADINE GIBSON was a resident of Kings County, New York.

3. At all times hereinafter mentioned the defendant City of New York was and still is a municipality existing under the laws of the State of New York; the Defendant William DeBlasio is Mayor of the City of New York as Chief Executive Officer and successor to Michael Bloomberg, the Defendant William Bratton is Police Commissioner of the City of New York and chief executive officer of the Department and successor to Raymond Kelly, and Police Officers Kenneth Shields, "John Smith," "John Doe" and "Jane" Byelyakova, (Shield 12516), of the 61st Police Precinct, whose names are more particularly know to the defendants were employees of the City of New York.

FACTUAL ALLEGATIONS

4. On April 1, 2013 at approximately 6:35 pm on Lyndon Blvd. between Brooklyn Ave. and East 34th s t. in Brooklyn NY the Plaintiff Nadine Gibson was ordered by the Defendant Police Officer Kenneth Shields of the 61st precinct to stop her vehicle by reason of an alleged traffic violation. The Plaintiff presented her driver's license registration and insurance information to the Defendant Police Officer, Kenneth Shields. Officer Kenneth Shields and "JOHN DOE", and POLICE OFFICER "JOHN SMITH" of the 61st POLICE PRECINCT, whose names are more particularly known to the Defendants, for no legitimate reason assaulted falsely arrested, maliciously prosecuted, unlawfully imprisoned deprived of unfettered liberty and falsely imprisoned for three and a half months.

5. As a result of the actions of the police officers at the incident, the Plaintiff suffered severe and disabling injuries. While in police custody the Plaintiff was brought to a medical facility in handcuffs where she was treated for personal injuries. While at the hospital

the Plaintiff complained of tightened shackles which were causing unnecessary pain and suffering which she informed the police officer who had her in custody. A Police Officer "Jane" Byelyakova whose name is more particularly known to the Defendants did intentionally cause the Plaintiff to suffer extreme emotional distress when the Officer stated words to the effect that "It's too bad you're not a DOA, they don't complain,"

AS AND FOR A FRIST CAUSE OF ACTION, FALSE ARREST

6. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-5 as if more fully set forth herein at length.

7. The Plaintiff was arrested without just cause was aware of and did not consent that her liberty was fettered while in police custody and during the period of time when she was treated at the hospital on April 1, 2014 in police custody before arraignment and thereafter during Court proceedings for three and a half months, by reason whereof she did suffer damage in the sum of $2,000,000.00.

AS AND FOR A SECOND CAUSE OF ACTION, MALICIOUS PROSECUTION

8. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-7 as if more fully set forth herein at length.

9. On or about April 2, 2014 the Defendant Kenneth Shields did cause a criminal complaint to be signed and submitted to criminal court of the City of NY county of Kings. Charging her with resisting arrest, aggravating unlicensed operation a motor vehicle in the third degree, disorderly conduct, failure to give appropriate signal to turn and unlicensed operator.

10. That the Plaintiff did not commit any criminal act. By reason of the requirement of court attendance in response to the criminal complaint the Plaintiff was deprived of unfettered liberty for three and a half months and was required to defend herself against criminal charges..

11. The Plaintiff was maliciously prosecuted by reason whereof she did suffer damage in the sum of $2,000,000.00.

AS AND FOR A THIRD CAUSE OF ACTION, ASSAULT AND BATTERY UNREASONABLE SEARCH AND SEIZURE.

12. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-11 as if more fully set forth herein at length.

13. The Plaintiff on April 1, 2014 was viciously assaulted by one or more Officers Kenneth Shields, "John Doe", and "John Smith" in the presence of each other causing severe pain and suffering, physical and psychological requiring medical attention all to the sum of $2,000,000.00.

AS AND FOR A FOURTH CAUSE OF ACTION, INTENTIONAL INFLICTION OF PHYSICAL AND EMOTIONAL DESTRESS.

14. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-13 as if more fully set forth herein at length.

15. On April 1, 2014 the Plaintiff, while in custody of the NY Police Department was brought to a medical facility because of injuries sustained my reason of the arrest and assault.

16. That while in custody of Police Officer "Jane" Byelyakova, the plaintiff suffered severe bodily pain by reason of tightened shackles and did request Officer Byelyakova to alleviate the tightened pressure of the shackles. Officer Byelyakova deliberately and with intention to cause continued pain and emotional distress stated words to the effect that "It's too bad you're not a DOA, they don't complain" by reason whereof the Plaintiff sustained damage in the sum of $2,000,000.00.

AS AND FOR A FIFTH CAUSE OF ACTION, NEGLIGENCE.

17. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-16 as if more fully set forth herein at length.

18. The Defendants were negligent in subjecting the Plaintiff to false arrest, malicious prosecution, depravation unfettered liberty and which caused personal and emotional injury by failing to us such care in the performance of Police duties as a reasonably prudent and appropriately trained that Police Officers should use under similar circumstances in violation of the Plaintiff's civil rights under 42 U.S.C. section 1983, Patrol Guide provisions and standard police practices all to her damage in the sum of $2,000,000.00.

AS AND FOR A SIXTH CAUSE OF ACTION, FALSE IMPRISONMENT

19. Plaintiff repeats and reiterates each and every allegations paragraphs 1-18 as if more fully set forth herein at length.

20. By reason of the pre-arraignment imprisonment and the requirement to be present for all proceedings and any other required presence in Court or in relation thereto, the Plaintiff was deprived of unfettered liberty for three and a half months, all to her damage in the amount of $2,000,000.

AS AND FOR A SEVENTH CAUSE OF ACTION, MUNICIPAL LIABILITY

21. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-18 as if more fully set forth herein at length.

22. The Plaintiff did file a timely Notice of Claim. The actions of the police officers in the arrest prosecution, assault, negligence intention Physical and psychological harm and inflicted on the Plaintiff was the result of the failure to properly train, supervise, monitor and enforce appropriate procedures by the Defendants the City of New York, Mayor William

DeBlasio and Police Commissioner William Bratton, all to plaintiff's damage in the sum of $2,000,000.00.

AS AND OR A EIGHTH CAUSE OF ACTION, PENDANT STATE PROCEEDING

23. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-20 as if more fully set forth herein at length.

24. That heretofore a timely notice of claim was served on the City of New York.

25. The actions of the defendants in inflicting false arrest, malicious prosecution, intentional and negligent physical and emotional harm to the plaintiff, denied her equal protection of the laws all to her damage in the sum of $2,000,000.00.

RELIEF REQUESTED

26. Plaintiff repeats and reiterates each and every allegation of paragraphs 1-25 as if more fully set forth herein at length.

BY REASON WHEREOF, the Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the first cause of action;   Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the second cause of action; the Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the third cause of action;   the Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the fourth cause of action; the Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the fifth cause of action;   the Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the sixth cause of action, the Plaintiff respectfully requests judgement in the sum of $2,000,000.00 against the Defendants for the seventh cause of action, the Plaintiff respectfully

requests the sum of $2,000,000.00 against the defendants for the eighth cause of action together with such amount of punitive damages in each cause of action as may be just and proper, with reasonable attorney fees, costs and disbursements.

Dated :January 22, 2016

                        Respectfully Submitted:

                        Brian Figeroux
                        Attorney for Plaintiff
                        26 Court St., Suite 701
                        Brooklyn, N.Y 11242
                        (718) 722-9217

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

Index No.: CV 15 6973

NADINE GIBSON,

Plaintiff(s),

-against-

GERSHON, J.
POLLACK, M.J.

THE CITY OF NEW YORK, MAYOR WILLIAM DeBLASIO, WILLIAM BRATTON, POLICE COMMISSIONER OF THE CITY OF NEW YORK and POLICE OFFICER KENNETH SHIELDS, POLICE OFFICER "JOHN DOE", POLICE OFFICER "JOHN SMITH" and POLICE OFFICER "JANE DOE", of the 61ST POLICE PRECINCT,

Defendant (s).

---------------------------------------------------------------------X

**SUMMONS AND AMENDED COMPLAINT**

Figeroux & Associates
26 Court Street, Suite 701
Brooklyn, New York 11302
Tel: 718-834-0190
Fax: 718-222-3153
Attorneys for Defendant

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, BRIAN FIGEROUX, counsel for Plaintiff, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

none

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: no

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? no

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? yes

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? no

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☒ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain) ☒ No

I certify the accuracy of all information provided above.

Signature: ____________________

JS 44 (Rev. 1/2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Nadine Gibson

(b) County of Residence of First Listed Plaintiff: Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Brian Figeroux, 26 Court Street, Brooklyn, N.Y. 11242
(718) 834-0190

**DEFENDANTS**

The City of New York, Mayor William DeBlasio, William Bratton, Police Commissioner city of New York, Police Officers Kenneth Shields, "John Doe" "John Smith" "Jane Doe"

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Corporation Counsel City of New York, 100 Church Street, New York, N.Y. 10007

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
4th 5th & 14th Amendments U.S. Constitution, unreasonable search & seizure assault malicious prosecution

Brief description of cause:
Defendant police officers assaulted, falsely arrested and maliciously prosecuted the Plaintiff.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______