


THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**JEFFREY LOPERFIDO**
*Senior Counsel*
Phone: (212) 356-2384
Fax: (212) 356-3509
jloperfido@law.nyc.gov

March 2, 2016

**BY ECF**
Hon. Cheryl L. Pollak, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Nadine Gibson v. City of New York, 15-CV-6973 (NG) (CLP)

Your Honor:

We represent defendants the City of New York, Mayor William DeBlasio, and William J. Bratton (collectively, the "City Defendants") in the above-referenced matter. We write to request that the Court strike plaintiff's Amended Complaint (Dkts. 7-8), on the ground that it does not comply with Rule 15 of the Federal Rules of Civil Procedure.

Rule 15(a)(1) provides in relevant part that a party may amend its pleading "once as a matter of course within … 21 days after serving it …." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff served her original complaint in this action on Dec. 18, 2015, which means she could have amended her complaint once, without the City's consent or court order, until Jan. 8, 2016. She did not do so during that time.

The Amended Complaint, which appears substantially similar to the original complaint (Dkt. 1), purports to correct the Precinct number for the NYPD members of service alleged to have been involved in the underlying incident, but also names a "Jane Byelayakova" as an individual defendant. The City did not consent to the amended pleading or to the addition of this individual as a party. Nor were City Defendants ever asked for their position prior to the filing. A review of the docket indicates that leave to amend was neither requested nor received.

As this case is still in its early stages, and because the City Defendant's response to the original complaint is less than a week away, the undersigned contacted opposing counsel to discuss whether the parties could agree on an amended pleading that eliminated the need for dispositive motion practice. Unfortunately, we were unable to reach an accord.

Accordingly, City Defendants request that the amended complaint be stricken and discussions concerning an amended pleading be deferred until the initial conference, scheduled for March 22, so as to avoid piecemeal party additions and unnecessary pleading amendments. If the Court wishes to grant leave to amend *nunc pro tunc*, City Defendants' request that its response to the amended complaint be extended to 14 days from the date of the Court's order granting leave, consistent with Rule 15(a)(3), so that City Defendants have time to investigate the allegations as to the new defendant.

Thank you for your attention to this matter.

Respectfully submitted,

/s/
Jeffrey Loperfido
Arthur G. Larkin
Assistants Corporation Counsel

cc: All Counsel (by ECF)